```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION


MARLON DEAN MILAM,              )
                                )
           Petitioner,           )
                                )
      v.                         )      No. 4:08 CV 1066 HEA
                                )                        DDN
TROY STEELE,                     )
                                )
           Respondent.           )
```

**MEMORANDUM AND ORDER**

This action is before the court upon the motion of respondent Troy Steele for a more definite statement (Doc. 8) and the motion of petitioner Marlon Dean Milam to file an amended petition (Doc. 9). The petition was referred to the undersigned United States Magistrate Judge for review and a recommended disposition pursuant to 28 U.S.C. § 636(b).

**I.   MOTION FOR MORE DEFINITE STATEMENT**

Petitioner Marlon D. Milam originally brought this action on July 18, 2008. (Doc. 1.) On September 12, 2008, respondent filed a motion for more definite statement from petitioner. (Doc. 8.) There were no claims listed in the petition, and there was no supporting documentation correcting this omission. (Doc. 1 at 6-12.) Respondent seeks a supplement to Milam's petition, that concisely states his claims for relief along with supporting facts. (Doc. 8 at 2.)

**II.   MOTION TO AMEND**

On November 10, 2008, Milam filed a motion for leave to file an amended petition. (Doc. 9.) Milam claims he had his mother fill out his petition because the court officer had repeatedly mixed up his papers. (Id. at 1.) He claims his mother and sister typed three copies of his grounds, but the courthouse clerk filed the copy that was incomplete with notes telling his mother what to do. (Id. at 2.) Milam did not discover this error until he received a copy of the habeas corpus. (Id.)

### III. DISCUSSION

The Federal Rules of Civil Procedure apply this to this federal habeas corpus action to the extent they are not inconsistent with any statutory provision or the Rules Governing Section 2254 Cases in the United States District Courts. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. The Rules Governing Section 2254 Cases do not treat the pleading amendment issue raised by the pending motions. The court concludes that applying the rules of civil procedure would not be inconsistent with the Rules Governing Section 2254 Cases. Therefore, the court looks to the civil rules to resolve the motions.

The Federal Rules of Civil Procedure support a liberal policy on amendments to pleadings. Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000). Before a responsive pleading has been filed, a party may amend its pleadings once as a matter of course. Fed.R.Civ.P. 15(a). If the pleading requires no response and the action has not been placed on the trial calender, the party may amend its pleading within twenty days of service. Id. In this case, respondent has responded to Milam's petition. Under the circumstances, Milam may amend his pleadings only by leave of court. Id. Under Rule 15, leave shall be given where justice so requires. Id.; Forman v. Davis, 371 U.S. 178, 182 (1962).

A district court may deny leave to amend only for a limited number of reasons. See Dennis, 207 F.3d at 525. Undue delay, the moving party's bad faith or dilatory motive, a repeated failure to cure the deficiencies through previous amendments, futility of the amendment, or undue prejudice to the opposing party, justify denying a motion to amend. Id. Delay alone provides insufficient grounds to deny leave to amend. Id. Likewise, the "adverse party's burden of undertaking discovery, standing alone," provides insufficient grounds do deny leave to amend. Id. The party opposing a motion to amend must show the amendment will create unfair prejudice. Id. That said, any prejudice to the nonmoving party must also be weighed against prejudice to the moving party, by denying the amendment. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998).

The circumstances do not justify denying leave to amend. Discovery remains open, neither side has filed dispositive motions, and denying the leave to amend would by highly prejudicial to Milam. The motion for leave to amend is sustained.  Consequently, respondent's motion for more definite statement is rendered moot.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of petitioner Marlon Dean Milam for leave to file his amended petition (Doc. 9) is sustained. Petitioner shall file his amended petition not later than August 31, 2009.  Respondent shall have until September 30, 2009 to file a responsive pleading to the amended petition.

**IT IS FURTHER ORDERED** that respondent's motion for more definite statement (Doc. 8) is denied as moot.

   /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 30, 2009.